## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)** ) <br> 1 Massachusetts Avenue, NW ) <br> Washington, D.C. 20001 ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> **WALGREEN CO.** ) <br> 108 Wilmot Road ) <br> Deerfield, IL 60015 ) <br> ) <br> DEFENDANT. ) | **CIVIL ACTION NO.** <br> 1:26-cv-02243-APM |

### DEFENDANT WALGREEN CO.'S ANSWER TO THE COMPLAINT

Defendant Walgreen Co. ("Walgreens"), by its undersigned attorneys, as and for its Answer (this "Answer") to the Complaint (the "Complaint") of plaintiff National Railroad Passenger Corporation (Amtrak) ("Plaintiff"):

1.      Admits, upon information and belief, the allegations in paragraph 1 of the Complaint.

2.      Admits the allegations in paragraph 2 of the Complaint.

3.      Admits, upon information and belief, the allegations in paragraph 3 of the Complaint.

4.      Admits the allegations in paragraph 4 of the Complaint.

5.      Admits the allegations in paragraph 5 of the Complaint and respectfully refers the Court to the Lease Agreement, a copy of which is attached as *Exhibit 1* to the Complaint, for the true and correct contents thereof.

6.      Admits the allegations in paragraph 6 of the Complaint and respectfully refers the

Court to the First Amendment, a copy of which is attached as *Exhibit 2* to the Complaint, for the true and correct contents thereof.

7.  Admits the allegations in paragraph 7 of the Complaint and respectfully refers the Court to the First Amendment, a copy of which is attached as *Exhibit 2* to the Complaint, for the true and correct contents thereof.

8.  Admits, upon information and belief, the allegations in paragraph 8 of the Complaint.

9.  Admits, upon information and belief, the allegations in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Admits the allegations in paragraph 12 of the Complaint.

13. Denies the allegations in paragraph 13 of the Complaint, except admits that Walgreens made the rent payments to Union Station Investco, LLC until January, 2025.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Admits the allegations in paragraph 15 of the Complaint.

16. Admits the allegations in paragraph 16 of the Complaint.

17. Admits the allegations in paragraph 17 of the Complaint.

18. Denies the allegations in paragraph 18 of the Complaint.

**IN RESPONSE TO COUNT I**
**(Breach of Lease Agreement)**

19.     In response to the allegations in paragraph 19 of the Complaint, repeats and re-alleges paragraphs 1 through 18 of this Answer with the same force and effect as if fully set forth herein.

20.     Denies the allegations in paragraph 20 of the Complaint.

21.     Denies the allegations in paragraph 21 of the Complaint.

22.     Denies the allegations in paragraph 22 of the Complaint.

23.     Denies the allegations in paragraph 23 of the Complaint.

**AS AND FOR A FIRST DEFENSE**

24.     The Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

25.     Plaintiff's claims are barred by the doctrine of waiver.

**AS AND FOR A THIRD DEFENSE**

26.     Plaintiff's claims are barred by the doctrine of laches.

**AS AND FOR A FOURTH DEFENSE**

27.     Plaintiff's claims are barred because Plaintiff failed to comply with the notice provision of the Lease Agreement.

**AS AND FOR A FIFTH DEFENSE**

28.     Plaintiff failed to mitigate its alleged damages by failing to pursue available recovery from, and/or by voluntarily releasing or impairing its claims against, the party that received the rent payments at issue.

WHEREFORE, defendant Walgreens respectfully requests judgment on its Answer as follows:

      a.      Dismissing the Complaint in its entirety, with prejudice; and

      b.      Granting such other and further relief as the Court deems just and proper.

Dated:  August 6, 2026

                                  LEE ANAV CHUNG WHITE
                                  KIM RUGER & RICHTER LLP

                                  By:  _____
                                      Michael M. Yi
                                      (US DC Bar ID 425542)
                                  99 Madison Avenue, 8th Floor
                                  New York, New York 10016
                                  Telephone:  (212) 271-0664
                                  Facsimile:  (212) 271-0665
                                  michaelyi@lacwkrr.com

                                  *Attorneys for Defendant*
                                  *Walgreen Co.*

TO:  PESSIN KATZ LAW, P.A.
      901 Dulaney Valley Road, Suite 500
      Towson, Maryland  21204
      (410) 938-8800
      Attention:  Patricia McHugh Lambert, Esq.
                     Alejandro Camacho, Esq.

      *Attorneys for Plaintiff*
      *National Railroad Passenger*
      *Corporation (Amtrak)*