**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) 1 Massachusetts Avenue, NW Washington, D.C. 20001 <br><br> PLAINTIFF, <br><br> v. <br><br> WALGREEN CO. 108 Wilmot Road Deerfield, IL 60015 <br><br> DEFENDANT, THIRD-PARTY PLAINTIFF, <br><br> v. <br><br> UNION STATION INVESTCO LLC c/o Rexmark Holdings LLC 295 Madison Avenue, Suite 1200 New York, New York 10017 <br><br> THIRD-PARTY DEFENDANT. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 1:26-cv-02243-APM |

**THIRD-PARTY COMPLAINT**

Third-party plaintiff Walgreen Co. ("Walgreens"), by its attorneys Lee Anav Chung White Kim Ruger & Richter LLP, as and for its Third-Party Complaint (the "Third-Party Complaint") against third-party defendant Union Station Investco LLC ("USI"), alleges as follows:

**NATURE OF THE ACTION**

1.     Walgreens brings this action against USI in order to recover the rent payments it made to USI, totaling $496,075.26, to which USI was not entitled.

## THE PARTIES

2.      Third-party plaintiff Walgreen Co. is a corporation organized and existing under the laws of the State of Illinois, with offices at 108 Wilmot Road, Deerfield, Illinois 60015.

3.      Upon information and belief, third-party defendant Union Station Investco LLC is a limited liability company organized and existing under the laws of the State of Delaware, with offices at c/o Rexmark Holdings LLC, 295 Madison Avenue, Suite 1200, New York, New York 10017.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over this third-party action pursuant to 28 U.S.C. § 1332(a)(1).  Walgreens is a citizen of the State of Illinois.  Upon information and belief, USI is a citizen of the State of Delaware and the State of New York. Thus, there is complete diversity between Walgreens and USI.  The matter in controversy exceeds the sum of $75,000.00, excluding interest and costs.

5.      Venue is proper within this district pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

6.      In November, 2014, USI, as landlord, and Walgreens, as tenant, entered into a Lease Agreement, dated as of November 12, 2014 (the "Lease"), affecting the demised premises located at space number C-101 of the Washington Union Station in Washington D.C. 20002 (the "Leased Premises").  (A copy of the Lease is annexed hereto as *Exhibit 1*.)

7.      In December, 2020, USI, as landlord, and Walgreens, as tenant, entered into a First Amendment to Lease Agreement, dated as of December 8, 2020 (the "First Amendment"). (A copy of the First Amendment is annexed hereto as *Exhibit 2*.)

8.      In July, 2024, the National Railroad Passenger Corporation ("Amtrak") became the landlord of the Leased Premises effective as of July 29, 2024, pursuant to two separate orders of the United States District Court for the District of Columbia, dated May 24, 2024 and July 9, 2024, respectively, filed and entered in the civil action captioned *National Railroad Passenger Corporation (Amtrak) v. Sublease Interest Obtained Pursuant to an Assignment and Assumption of Leasehold Interest, et al.,.* Case No. 1:22-cv-01043.

9.      Amtrak, as the successor-landlord, did not notify Walgreens of this change in accordance with the requirements of the notice provision of the Lease.

10.     As a result, Walgreens continued to pay to USI the monthly installments of base rent and additional rent for the months of August, 2024 to January, 2025, totaling $496,075.26 (collectively, the "Rent Payments").

11.     In February, 2025, Amtrak demanded the Rent Payments from Walgreens.

12.     By letter dated February 18, 2025, Walgreens, through counsel, informed Amtrak that the Rent Payments had been made to USI.  (A copy of the February 18, 2025 letter is annexed hereto as *Exhibit 3*.)

13.     In addition, in light of Amtrak's demand for the Rent Payments, by letter dated March 24, 2025, Walgreens, through counsel, demanded that USI return the Rent Payments to Walgreens.  (A copy of the March 24, 2025 letter is annexed hereto as *Exhibit 4*.)

14.     By email dated March 25, 2025, USI, through counsel, responded to Walgreens' demand and stated that "USI is not liable to your client [Walgreens] for the money you are claiming."  (A copy of the March 25, 2025 email is annexed hereto as *Exhibit 5*.)

15.     By email dated March 25, 2025, Walgreens, through counsel, informed Amtrak of USI's response to its demand for return of the Rent Payments.

3

16. Thereafter, in March, 2026 – a year later – Amtrak once again demanded the Rent Payments from Walgreens, by letter dated March 10, 2026. (A copy of the March 10, 2026 letter is annexed hereto as *Exhibit 6*.)

17. By letter dated March 19, 2026, Walgreens, through counsel, once again informed Amtrak that the Rent Payments had been made to USI and that Walgreens had provided evidence of the Rent Payment it made to USI, at Amtrak's specific request. (A copy of the March 19, 2026 letter is annexed hereto as *Exhibit 7*.)

18. In addition, in light of Amtrak's renewed demand for the Rent Payments, by letter dated April 30, 2026, Walgreens, through counsel, once again demanded that USI return the Rent Payments to Walgreens. (A copy of the April 30, 2026 letter is annexed hereto as *Exhibit 8*.)

19. Despite such demands, to date, USI has failed to return the Rent Payments to Walgreens. Nor has USI turned over the Rent Payments to Amtrak.

## FIRST CLAIM FOR RELIEF
### (Conversion)

20. Walgreens repeats and re-alleges the allegations in paragraphs 1 through 19 of the Third-Party Complaint with the same force and effect as if fully set forth herein.

21. Walgreens made the Rent Payments to USI.

22. USI was not entitled to the Rent Payments. Nonetheless, USI has failed to return the Rent Payments to Walgreens.

23. USI has converted the Rent Payments to its own use and benefit.

24. As a result of the foregoing, Walgreens has been damaged in the amount of $496,075.26, plus interest as permitted by law.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

25.    Walgreens repeats and re-alleges the allegations in paragraphs 1 through 24 of the Third-Party Complaint with the same force and effect as if fully set forth herein.

26.    Walgreens made the Rent Payments to USI.

27.    USI was not entitled to the Rent Payments.  Nonetheless, USI has failed to return the Rent Payments to Walgreens.

28.    As a result of the foregoing, USI has been unjustly enriched in the amount of $496,075.26, plus interest as permitted by law.


**[The remainder of this page is intentionally left blank.]**

5

WHEREFORE, third-party plaintiff Walgreens respectfully requests a judgment:

a.  Awarding to Walgreens and assessing against USI compensatory damages in an amount to be determined at trial, but not less than $496,075.26, plus interest as permitted by law;

b.  Awarding to Walgreens and assessing against USI punitive damages in an amount to be determined at trial;

c.  Awarding to Walgreens and assessing against USI the costs and expenses, including reasonable attorneys' fees, incurred and to be incurred by Walgreens in connection with this action; and

d.  Awarding such other and further relief as the Court deems just, proper, and equitable.

Dated:  August 6, 2026

LEE ANAV CHUNG WHITE
KIM RUGER & RICHTER LLP

By: _____
Michael M. Yi
(US DC Bar ID 425542)
99 Madison Avenue, 8th Floor
New York, New York 10016
Telephone:  (212) 271-0664
Facsimile:  (212) 271-0665
michaelyi@lacwkrr.com

*Attorneys for Third-Party Plaintiff*
*Walgreen Co.*

6